IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Caulin Spinks,<br><br>    Petitioner,<br><br>vs.<br><br>Conrad Graeber,<br><br>    Respondent. | No. CV-14-2340-PHX-DLR (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DOUGLAS L. RAYES, UNITED STATES DISTRICT JUDGE:

Petitioner Caulin Spinks, who is incarcerated at the Federal Correctional Institution in Phoenix, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.)

**I.    SUMMARY OF CONCLUSION**

On October 22, 2014, Petitioner asked the Court to order the Federal Bureau of Prisons to reconsider Petitioner for early release "without inclusion of prior conviction for unlawful detention." (Doc. 1.) On January 26, 2015, Respondent, through the Federal Bureau of Prisons, completed a review of Petitioner's offenses and concluded that Petitioner's prior conviction for unlawful restraint does not preclude Petitioner from early release. (Doc. 8, Ex. A.) The DSCC has determined that Petitioner is eligible for early release. (*Id.*, Ex. A.) Because Petitioner has been awarded the relief sought by means of the habeas Petition, the Petition is moot and should be dismissed.

## II. BACKGROUND

### A. FACTS OF THE CASE

Petitioner is a federal inmate currently incarcerated at the Federal Correctional Institution in Phoenix, Arizona. Petitioner is awaiting entry into the Residential Drug Abuse Program ("RDAP"). (Doc. 1 at 4.) Upon successful completion of the RDAP, a prisoner may be eligible for early release. *See* 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."). A prior felony conviction for kidnapping would disqualify Petitioner from eligibility for early release. *See* 28 C.F.R. § 550.55(b)(4)(vi).[1] Petitioner alleges in his habeas Petition that Respondent improperly considered his prior state court conviction for unlawful detention as equivalent to a conviction for kidnapping, thereby precluding Petitioner from eligibility for early release. (Doc. 1 at 4.)

Petitioner filed his habeas Petition on October 22, 2014. At the time the Petition was filed, Petitioner had not exhausted his administrative remedies with regard to the relief sought, as he acknowledged in his Petition. (*Id.* at 2.) After the habeas Petition was docketed, Petitioner filed a formal request seeking administrative relief. Additionally, on October 27, 2014, the Ninth Circuit Court of Appeals issued its decision in *Abbott v. Federal Bureau of Prisons*, 771 F.3d 512, 514 (9th Cir. 2014), in which the Ninth Circuit held that a conviction for violation of a state law prohibiting unlawful restraint did not render a prisoner ineligible for early release because the conviction was not equivalent to one for kidnapping.

On January 26, 2015, Respondent, through the Federal Bureau of Prisons' Designation and Sentence Computation Center ("DSCC"), completed his review of

---

[1] 28 C.F.R. § 550.55(b)(4)(vi): "Inmates not eligible for early release. As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release: . . . (4) Inmates who have a prior felony or misdemeanor conviction for: . . . (vi) Kidnaping."

2

Petitioner's current and prior offenses, in order to determine whether the offenses preclude Petitioner from eligibility for early release pursuant to 18 U.S.C. § 3621(e). The DSCC concluded that "[b]ased on the above criteria and analysis, this inmate's current and/or prior offense: does not preclude him/her from early release pursuant to 18 USC Section 3621 § (e)(2)(B)." (Doc. 8, Ex. A.)

### B. FEDERAL PETITION FOR WRIT OF HABEAS CORPUS

On October 22, 2014, Petitioner filed the instant habeas Petition, which asks the Court to order Respondent to consider his eligibility for early release without considering Petitioner's prior offense as equivalent to kidnapping.

On February 2, 2014, Respondent filed a Response to the Petition, suggesting the Court does not have jurisdiction to consider the Petition because it is moot. (Doc. 8.) Petitioner has not filed a reply to the Response to his Petition.

### III. APPLICATION OF LAW

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241. "The case or controversy requirement of Article III admonishes federal courts to avoid premature adjudication and to abstain from entangling themselves in abstract disagreements." *U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1208 (10th Cir. 1999) (internal quotation marks and citations omitted). A court must dismiss a case as moot if at any point it becomes certain either that "'the allegedly wrongful behavior could not reasonably be expected to recur,'" *Friends of the Earth Inc. v. Laidlaw Environmental Assoc. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (citation omitted), or that there is no effective relief remaining for the court to provide. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996).

The Court does not have subject matter jurisdiction to consider a habeas claim that is moot. *See*, *e.g.*, *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). Petitioner's case is rendered moot by the fact that he has received the relief requested. *Cf. Abdala v. I.N.S.*, 488 F.3d 1061, 1064-65 (9th Cir. 2007) (discussing and collecting

cases wherein a petitioner's release from detention, parole, or removal rendered a habeas petition moot). *Compare Levine v. Apker*, 455 F.3d 71, 77 (2d Cir. 2006) (finding habeas petition was not moot where petitioner's supervised release left open the possibility of the court's issuance of effectual relief).

## IV.     CONCLUSION

Petitioner no longer has a personal stake in the outcome of his argument because he has been afforded the relief sought from Respondent. Because Petitioner no longer has a personal stake in the relief sought, his habeas Petition is moot. *Abbott*, 771 F.3d at 513. *See also Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Rodriguez v. Hayes*, 591 F.3d 1105, 1117-18 (9th Cir. 2010).

**IT IS THEREFORE RECOMMENDED** that the Motion to Dismiss at Doc. 8 be **granted** and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of

///

///

///

the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 23rd day of July, 2015.

Honorable John Z. Boyle
United States Magistrate Judge